IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM SAVAGE, #212203,
    Petitioner,

vs.                                    Case No.:  3:06cv311/RV/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

      Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  Leave to proceed in forma pauperis has been granted.  Respondent filed a motion to dismiss the petition as an unauthorized successive petition (Doc. 15).  Petitioner filed a reply in opposition to the motion (Doc. 19).

      Upon thorough review, the court concludes that the petition should be dismissed as an unauthorized successive petition.

      Pursuant to a plea of nolo contendere, Petitioner was convicted in the Circuit Court in and for Escambia County, Florida, of one charge of armed robbery with a firearm and one charge of grand theft of an auto (*see* Doc. 1 at 1; Doc. 15, Exs. C, D).  Petitioner was sentenced to thirty-three (33) years of imprisonment, with a three-year mandatory minimum and 212 days of jail credit, on the robbery charge, and a consecutive term of five (5) years of probation on the grand theft charge (*see* Doc. 1 at 1; Doc. 15, Ex. B at 67–68, Exs. C, D).  Petitioner now challenges those sentences on the ground that the court failed to award him credit for the period of time he was incarcerated on a previous sentence (*see* Doc. 1 at 4–5).

      In the instant petition, Petitioner explicitly concedes that he previously filed a § 2254 petition in this court, Case No. 3:97cv186/LAC/MD, that challenged the same convictions and sentences that are the subject of the instant § 2254 petition, but the petition was denied (Doc. 1 at 3).  Indeed, the

court notes that on April 20, 1997, Petitioner filed a § 2254 petition in which he challenged the same convictions and sentences at issue in the instant case (*see* Doc. 15, Ex. G). The district court, adopting the magistrate judge's report and recommendation, denied the petition on the ground that the claim raised in that petition was procedurally defaulted in the state courts and, therefore, procedurally barred from federal review (Doc. 15, Exs. K, M). Petitioner appealed the denial to the Eleventh Circuit Court of Appeals, but the Circuit Court dismissed the appeal for want of prosecution (*id.*, Exs. N, O, P, Q).

In Petitioner's response to the motion to dismiss, he argues that his first § 2254 petition was part of the direct appeal process; therefore, this court may consider the merits of the instant petition (*see* Doc. 19 at 1–2). Petitioner also argues the merits of the claims he now raises (*id.* at 1–5).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). The instant petition challenges the legality of the same state convictions and sentences that were the subject of the previous § 2254 petition. Furthermore, Petitioner's previous petition qualified as a first petition for purpose of determining successor status.[1] Therefore, the instant petition is successive. Additionally, it is obvious from the record that Petitioner has failed to obtain the requisite permission from the Eleventh Circuit Court of Appeals in order to file this petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits

---

[1] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." *See* McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Carlson v. Pitcher, 137 F.3d 416, 420 (6th Cir. 1998) (habeas petition filed after previous petition has been dismissed without prejudice to allow petitioner to pursue state remedies is not "second or successive"); McWilliams v. Colorado, 121 F.3d 573, 575 (10th Cir. 1997) (same); Camarano v. Irvin, 98 F.3d 44, 46–47 (2d Cir. 1996) (same); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

Case No.: 3:06cv311/RV/EMT

of the petition. For this reason, this case will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit.

It is therefore respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 15) be **GRANTED**.

2. That Petitioner's habeas petition (Doc. 1) be **DISMISSED** for lack of jurisdiction.

At Pensacola, Florida, this 1st day of March 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**