IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM SAVAGE, #212203,

    Petitioner,

vs.                                      Case No.:  3:06cv311/RV/EMT

JAMES R. McDONOUGH,

    Respondent.
_____/

# O R D E R

       This cause is presently before the court upon the magistrate judge's report and recommendation, dated March 1, 2007. Petitioner has been furnished a copy of the report and recommendation and has been afforded an opportunity to file --- and has filed --- objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a *de novo* determination of all said objections. Having considered the report and recommendation, and all objections thereto timely filed, I have determined that the report and recommendation should be adopted.

       The magistrate judge concluded that the petition was successive and barred by Title 28, United States Code, Section 2244(b). Although it is not entirely clear, it appears that Petitioner objects to the report and recommendation on the ground that he did not raise the same claims in the instant petition that he did in the prior one. He therefore denies that he already challenged "the same convictions and sentences," because he believes the magistrate judge was implying that he previously advanced the exact same claims. Petitioner thus argues: "The previous habeas corpus does not claim, nor argue the same claims filed in the present habeas corpus." He further argues that "the previous habeas corpus is of no way the same petition" and that the claims raised in the two petitions are "totally different."

       Petitioner is correct that the claim he is raising now (incorrect sentence calculation and invalid sentence) is different from the one he previously raised (ineffective assistance of counsel). But, that does not mean the petition is not successive.

Title 28, United States Code, Section 2244(b)(2), provides that any claim raised in a habeas application "that was not presented in a prior application" **must** be rejected and dismissed unless one of two narrow circumstances is present:

> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner does not argue that either circumstance is present, nor does it appear from my review of the record that there would be a basis for any such argument. Instead, as noted, Petitioner appears to believe that he is entitled to file a second habeas petition merely because he did not previously raise the sentencing claim. But, there is no suggestion that he was *unable* to raise the claim in the prior petition.[1]

In any event, Section 2244(b)(3)(A) explicitly provides that: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Consequently, even assuming *arguendo* that Petitioner could make a showing that one of the two foregoing exceptions applied, he must first seek relief in the Eleventh Circuit Court of Appeals. It is undisputed that Petitioner has not sought or obtained authorization from the Eleventh Circuit.

---

[1] For example, Petitioner appears to argue that his sentence was "illegal" at the time it was imposed because it ran afoul of Tripp v. State, 622 So.2d 941 (Fla. 1993). The Tripp case, however, was decided *four years* before Petitioner filed his first petition. Thus, he obviously could have raised his current arguments in the earlier petition.

A number of cases support a finding that the petition is successive. In <u>In re Hutcherson</u>, 468 F.3d 747 (11th Cir. 2006), for example, the petitioner sought leave in the Eleventh Circuit for permission to file a successive petition. He raised two grounds in support. The first claim (that the death penalty was unconstitutional) had been previously raised and rejected in his first petition --- and did not rely on a new rule of law or newly discovered evidence --- so it was rejected outright. The second claim for relief was "new" and alleged ineffective assistance of counsel. The Eleventh Circuit noted that "this ground for relief was available to Hutcherson during the pending of his first federal habeas petition," and thus did not warrant leave to permit the successive filing.

Similarly, in <u>United States v. Terrell</u>, 141 Fed. Appx. 849 (11th Cir. July 19, 2005) (unpublished decision), a federal prisoner filed a petition under Title 28, United States Code, Section 2255, alleging ineffective assistance of counsel. In this first petition, "Mr. Terrell did not challenge or otherwise attack the prior convictions that were used in computing his criminal history category." The petition was denied, and he later filed a Rule 60(b) motion for relief from judgment on the grounds that certain of his prior convictions had been vacated (and thus were improperly used to compute his sentence). The Eleventh Circuit stated that:

> Regardless of how Mr. Terrell characterized his motion, the claim he asserted was a brand new substantive claim for relief on the merits, and one that had not been presented in his initial § 2255 motion. The district court correctly treated the motion . . . as a § 2255 motion to vacate and, under [<u>Gonzalez v. Crosby</u>, 545 U.S. 524, 125 S. Ct. 2641 (2005)], correctly ruled that it was a second or successive motion to vacate.

Notably, a recent decision from this court, <u>Galloway v. McDonough</u>, 2006 WL 1371604 (N.D. Fla. May 17, 2006) (Judge Paul), is almost directly on-point. In that case, a state prisoner filed a habeas corpus petition under Section 2254, asserting a claim of ineffective assistance of counsel. The magistrate judge assigned to the case recommended that the petition be denied, and the district judge agreed. Many years later, the petitioner filed a second Section 2254 petition, challenging the validity of his convictions and sentence. In dismissing the petition as successive, the district court held:

> [A] petitioner must raise *all* available grounds for relief against the state court judgment in his § 2254 petition. Rule 2254 2(c) (1984); § 2254 Rule 2(c)(1) (as amended in 2004). The fact that Petitioner did not raise other available grounds in a prior petition does not mean a subsequent petition is not second or successive. Effective April 24, 1996, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." § 2244(b)(1). Where "[a] claim presented in a second or successive habeas corpus application . . . was *not* presented in a prior application," it shall be dismissed *unless* certain conditions are met. § 2244(b)(2). In other words, a petition is "second or successive" without regard to whether it presents a new claim which would be permitted, and authorization from the court of appeals before this court considers "a second or successive application as permitted by this section . . ." § 2244(b)(2) and (b)(3)(A). This is clearly a second or successive habeas corpus application.

The magistrate judge correctly concluded that the petition is successive.

Accordingly, it is now **ORDERED** as follows:

1. The magistrate judge's report and recommendation is adopted and incorporated by reference in this order.

2. Respondent's motion to dismiss (Doc. 15) is **GRANTED**.

3. Petitioner's habeas petition (Doc. 1) is **DISMISSED** for lack of jurisdiction.

**DONE AND ORDERED** this 9th day of April, 2007.

/s/ *Roger Vinson*
**ROGER VINSON**
**SENIOR UNITED STATES DISTRICT JUDGE**